**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT C. WEDDINGTON,

    v.

CENTRAL EXPRESS, LLC,
LIBERTY MUTUAL INS. CO.

    *Defendant.*

Civil Action No. ELH-21-962

**MEMORANDUM**

On February 15, 2022, plaintiff Robert Weddington, who is self-represented, filed a breach of contract claim against Liberty Mutual Insurance Company ("Liberty Mutual"), docketed as Case No. ELH-22-386. Thereafter, by Order of February 24, 2022, the Court consolidated plaintiff's suit against Liberty Mutual with his suit against Central Express, LLC ("Central Express"), Case ELH-21-962. The lead case is ELH-21-962.

Plaintiff filed a supplemental complaint on February 24, 2022. ECF 18. Among other things, he stated that he had been a driver for "US Express, Inc. based in Tennessee," and that his "workers comp is base[d] out of Tennessee with the above company." *Id.* at 1.

In an Order docketed on March 3, 2022, I indicated, based on information provided by plaintiff in his Supplemental Complaint (ECF 18), that "the defendant identified as Central Express, LLC is actually called U.S. Xpress and is located in Tennessee." ECF 20 at 2 (citing ECF 18 at 1). I also stated: "The registered agent's address is the address plaintiff should use on both the 285 Marshal forms and the summons." *Id.*

Thereafter, on March 22, 2022, the plaintiff filed "In Quiry [sic] Motion Record Correction," in which he claimed that Central Express is not actually called U.S. Xpress, and "the address sent to plaintiff for Central Express, LLC is incorrect." ECF 28 at 2. The plaintiff asked the Court to correct this error and re-issue the summons. *Id.* In correspondence docketed March

14, 2022, the plaintiff claimed that Central Express "is not apart [sic] of US Xpress, Inc. or Liberty Mutual Insurance Company." The plaintiff asked the Court to accept the "completed summons and process service form," docketed at ECF 25-1 and ECF 25-2, and listed the address for Central Express, LLC as "161 Hawk Nest Ct, Richmond, Va 23219." ECF 25-2. The plaintiff made the same request in another motion docketed on July 6, 2022. *See* ECF 32.

In addition, the plaintiff previously filed a motion for appointment of counsel (ECF 16) which I rejected. ECF 20. But, plaintiff now asks the Court to reconsider its decision regarding appointment of counsel. ECF 30; ECF 32.

I shall direct the Clerk to re-issue the summons to Central Express, LLC. The United States Marshal shall effect service of process on defendant at the following address: 161 Hawk Nest Ct., Richmond, Virginia 23219. The plaintiff need not resubmit the summons form docketed at ECF 25-1. The Clerk and the U.S. Marshal are directed to take all steps necessary to effectuate service of process. Service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h).

I shall deny the motions to appoint counsel, without prejudice. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (emphasis supplied), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)

(holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Exceptional circumstances include a litigant who "is barely able to read or write," *Whisenant,* 739 F.2d at 162, or clearly "has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

Plaintiff appears to rely on his lack of knowledge regarding service of process as a basis for asking this Court to appoint an attorney to represent him. He stated: "I ask the courts [sic] to appoint Counsel to help with the[] issues Plaintiff is having with the address and service." ECF 30 at 1-2. However, I shall grant plaintiff's service request, on which he based his requests for appointment of counsel.

An Order follows.

Date:  October 6, 2022                                          /s/_____
                                                                Ellen L. Hollander
                                                                United States District Judge